Jennifer E. Smiley, Illinois Bar #6275940
jsmiley@cftc.gov
Ava M. Gould, Illinois Bar # 6194202
agould@cftc.gov
Rosemary Hollinger, Illinois Bar #3123647
rhollinger@cftc.gov
Attorneys for Plaintiff
U.S. Commodity Futures
Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700
Fax 312-596-0714

Kent Kawakami, California Bar #149803
kent.kawakami@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
Central District of California—Civil Division
300 North Los Angeles Street Room 7516
Los Angeles, CA 90012
Tel. (213) 894-4858
Fax (213) 894-2380
Local Counsel

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | Case No. 14-cv-06542-R-MRW |
| Plaintiff, | CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF |
| v. | |
| RALPH METTERS, aka MALACHAI "MOE" LEVY, | |
| Defendant. | Hon. Manuel L. Real |

On August 20, 2014, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") against Defendant Ralph Metters, aka Malachai "Moe" Levy seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§1 *et seq.* (2012). Specifically, the CFTC's Complaint alleged that Defendant has violated, and is continuing to violate, Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C) (2012).

This matter comes before the court on the Stipulation for Entry of Consent Order for Preliminary Injunction and Other Ancillary Relief filed by Plaintiff. As it appears to the Court that there is good cause to believe that Defendant has engaged, is engaging in, or is about to engage in acts and practices in violation of the Act and the Regulations, and that this is a proper case to grant a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and enable the Plaintiff CFTC to fulfill its statutory duties,

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. Defendant consents to the entry of this Consent Order for Preliminary Injunction and other Ancillary Relief ("Order").

2. Defendant further admits that his consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce him to consent to this Order.

3. Defendant acknowledges that he has been served with the summons and Complaint the Commission filed in this matter.

4. Defendant admits that this Court has jurisdiction over him and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging in, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

5. Defendant admits that the Commission has jurisdiction over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1 *et seq.*

6. Defendant admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because Defendant has transacted business in this District and certain transactions, acts, practices, and courses of business alleged in this Complaint occurred, are occurring, and/or are about to occur within this District.

7. Defendant waives the entry of findings of fact and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. INJUNCTIVE RELIEF GRANTED

**IT IS HEREBY ORDERED that:**

8. Defendant and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in concert or participation with Defendant who receive actual notice of this order by personal service or otherwise, shall be prohibited and restrained from, until further order of the Court, directly or indirectly engaging in any conduct in violation of Section 4b(a)(2)(A) and (C) of the Act, including, but not limited to, misappropriating funds and making material misrepresentations and omission in connection with forex trading.

**IT IS FURTHER ORDERED that:**

9. Defendant is further restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2012)), including, but not limited to, trading for himself or others;

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2013)) ("commodity options"), security futures products, foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act 7 U.S.C.

§§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012)) ("forex contracts") and/or swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. § 1a(47) (2012) ("swaps") for his own personal account or for any account in which he has a direct or indirect interest;

c. Having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2013)), agent, or any other officer or employee of any person or entity registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2013).

**IT IS FURTHER ORDERED that:**

10. Defendant is restrained and enjoined from, directly or indirectly, withdrawing, transferring, removing, dissipating, concealing, assigning, pledging, leasing, loaning, encumbering, disbursing, converting, selling, liquidating, alienating, or otherwise disposing of any funds, assets, or other property, wherever located, including funds, assets, or other property held outside the United States, except as ordered by the Court. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

**IT IS FURTHER ORDERED that:**

11. Pending further order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of any funds, assets, or other property of Defendant, or has held, controlled, or maintained custody of any funds, assets, or other property of Defendant, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

a. Prohibit Defendant and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of any such assets, except as directed by further order of the Court;

b. Deny Defendant and all other persons access to any safe deposit box that is:

i. titled in the name of or maintained by Defendant, either individually, jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendant; or

ii. otherwise subject to the control of or access by Defendant; and

c. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendant's accounts and Defendant's businesses.

**IT IS FURTHER ORDERED that:**

12. Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendant.

13. Representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## II. SERVICE OF ORDER

**IT IS FURTHER ORDERED that:**

14. Copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant or Relief Defendants, or that may be subject to any provision of this Order. Jennifer E. Smiley, Mary Beth Spear and Ava Gould, all employees of the CFTC, are hereby specially appointed to serve process, including of this Order and all other papers in this case.

## III. BOND NOT REQUIRED

**IT IS FURTHER ORDERED that:**

15. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## IV. SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED that:**

16. Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Jennifer E. Smiley, Trial Attorney, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, Illinois, 60661 and/or by filing such pleadings or other materials electronically with the Court.

## V. FORCE AND EFFECT

**IT IS FURTHER ORDERED that:**

17. This Order shall remain in full force and effect until further order of

///

///

///

///

///

this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

IT IS SO ORDERED on this 2nd day of December 2, 2014.

UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED BY:

Ralph Metters
Defendant

Jennifer E. Smiley
U.S. COMMODITY FUTURES TRADING COMMISSION
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0530
jsmiley@cftc.gov