Jennifer E. Smiley, Illinois Bar #6275940
jsmiley@cftc.gov
Ava M. Gould, Illinois Bar # 6194202
agould@cftc.gov
Rosemary Hollinger, Illinois Bar #3123647
rhollinger@cftc.gov
Attorneys for Plaintiff
U.S. Commodity Futures
Trading Commission
525 W. Monroe, Suite 1100
Chicago, Illinois 60661
Tel. 312-596-0700
Fax 312-596-0714

Kent Kawakami, California Bar #149803
kent.kawakami@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
Central District of California—Civil Division
300 North Los Angeles Street Room 7516
Los Angeles, CA  90012
Tel. (213) 894-4858
Fax (213) 894-2380
Local Counsel

JS-6

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION | ) ) ) |
| | Case No. 14-cv-06542-R-MRW |
| Plaintiff, | ) ) ) ) |
| | CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF |
| v. | ) ) ) |
| RALPH METTERS, aka MALACHAI "MOE" LEVY, | ) ) |
| | |
| Defendant. | ) ) ) ) ) |
| | Hon. Manuel L. Real |

1

## I.  INTRODUCTION

On August 20, 2014, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") against Defendant Ralph Metters, aka Malachai "Moe" Levy seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§1 *et seq.* (2012). The Court entered a Consent Order for preliminary Injunction against the Defendant on January 2, 2014. On May 16, 2016, in a related criminal action, entitled *United States of America v. Malachai Levy, aka Ralph Maurice Metters,* No. 14-cr-00635-JFW, (C.D. Cal.), a federal district court ordered that the Defendant pay restitution in connection with the same conduct at issue in this action.

## II.  CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against the Defendant without a trial on the merits of any further judicial proceedings, Defendant Ralph Metters, aka Malachai "Moe" Levy:

1.     Consents to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty and other Equitable Relief ("Consent Order");

2.     Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been

2

made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3.    Acknowledges service of the summons and Complaint;

4.    Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012);

5.    Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act, 7 U.S.C. §§ 1 *et seq.* (2012);

6.    Admits that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

7.    Waives:

    a.  Any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1 et seq. (2014), relating to, or arising from, this action;

    b.  Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

3

c.  Any claim of Double jeopardy based upon the institution of this action or the entry of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

d.  Any and all rights of appeal from this action;

8.    Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent order and for any other purpose relevant to this action, even if Defendant not or in the future resides outside the jurisdiction of this Court;

9.    Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10.    Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall effect his: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party.  Defendant shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

11.     In *United States of America v. Malachai Levy, aka Ralph Maurice Metters,* No. 14-cr-00635-JFW, (C.D. Cal., Jan 30, 2015) (the "Criminal Action"), Defendant pleaded guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349.  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution, a copy of which is attached as Exhibit A to this order, and those same facts are admitted as if set forth in this Consent Order.

12.     Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 51 in Part VI of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against him whether inside or outside the United States; and

13.     Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek legal or equitable remedy against Defendant in any other proceeding.

## III.     FINDINGS AND CONCLUSIONS

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay.  The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction, and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

**A.     Findings of Fact**

**The Parties to this Consent Order**

14.    Plaintiff Commodity Futures Trading Commission is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act, 7 U.S.C. §§ 1-26 (2012), and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 – 190.10 (2014).

15.    Ralph Metters, aka Malachai "Moe" Levy, resides in Los Angeles, California.  Metters has never been registered with the Commission in any capacity.

**Defendant's Activities**

16.    Beginning in or before 2011, and continuing through at least October, 2014, there was an agreement between more than two persons to commit wire fraud.  Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

17.    In furtherance of the conspiracy, Defendant falsely represented to investors that he would use their money to engage in foreign currency investments, and their money would be kept in escrow until they authorized its use.  Victims accordingly invested at least $745,000, which Defendant took out of the escrow accounts without their permission.  Interstate wires used to advance the foreign currency investment fraud include the wire transfer of $500,000 from a victim's

(M.B.) business account in Ooltewah, Tennessee to Haven View Escrow's account in Los Angeles, California on October 21, 2013.

**B.      Conclusions of Law**

**Jurisdiction and Venue**

18.     The Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action in the proper district court of the United States against any such person to enjoin such act or practice, or to enforce compliance with the Act, or any rule, regulation, or order thereunder.

19.     Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012), because the Defendant resides in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

**Fraud by Misappropriation, Misrepresentation, and Omission**

20.     By the conduct described in paragraphs 1 through 17 above, the Defendant cheated and defrauded, or attempted to cheat and defraud, and willfully deceived, or attempted to deceive, his client by, among other things, knowingly (a) misappropriating funds provided by M.B.; and (b) making material misrepresentations including, but not limited to, guaranteeing trading profits and

telling M.B. that his funds would be used for generate a line of credit that would be used for forex trading, when the Defendant knew that the funds would in fact be misappropriated, in violation of Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C) (2012).

21.     Unless restrained and enjoined by this Court, there is a reasonable likelihood that the Defendant will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act.

## IV.     PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

22.     Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), the Defendant is permanently restrained, enjoined, and prohibited from directly or indirectly cheating or defrauding, or attempting to cheat or defraud, other persons in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g), that is made, or to be made, for or on behalf of, or with, any other person in violation of Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C) (2012).

23.     The Defendant is also permanently restrained, enjoined, and prohibited from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

b. Entering into any transactions involving "commodity interests" (as that terms is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014) for his own personal account or for any account in which he has a direct or indirect interest;

c. Having any commodity interests traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person or entity registered, exempted from registration or required

to be registered with the Commission, except as provided for in

Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## V.  RESTITUTION, DISGORGEMENT, AND CIVIL MONETARY PENALTY

### A.  Restitution

24.     Defendant's violations of the Act and Regulations merit the award of restitution.  However, this Court recognizes that the court in a related criminal action, entitled *United States of America v. Malachai Levy, aka Ralph Maurice Metters,* No. 14-cr-00635-JFW, (C.D. Cal., May 16, 2016) has ordered that the Defendant pay restitution in the amount of $500,000 (Five Hundred Thousand Dollars) to defrauded investor MB of the Defendant, in connection with the same conduct at issue in this action.  Accordingly, restitution is not ordered in this action.

### B.  Disgorgement

25.     Defendant shall pay disgorgement in the amount of five hundred thousand dollars ($500,000) ("Disgorgement Obligation"), plus post-judgment interest.  Post judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

26.     Defendant shall pay his Disgorgement Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank

money order.  If payment is to be made other than by electronic funds transfer,

then the payment shall be made payable to the Commodity Futures Trading

Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPSC/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact Nikki

Gibson or her successor at the address above to receive payment instructions and

shall fully comply with those instructions.  Defendant shall accompany payment of

the Disgorgement Obligation with a cover letter that identifies Defendant's and the

name and docket number of this proceeding.  Defendant shall simultaneously

transmit copies of the cover letter and the form of payment to the Chief Financial

Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155

21st Street, NW, Washington, D.C. 20581.

## C.    Civil Monetary Penalty

27.    Defendant shall pay a civil monetary penalty in the amount of five

hundred thousand ($500,000) ("CMP Obligation"), plus post-judgment interest.

Post-judgment interest shall accrue on the CMP Obligation beginning on the date

of entry of this Consent Order and shall be determined by using the Treasury Bill

11

rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C.

§ 1961 (2012).

28.    Defendant shall pay his CMP Obligation by electronic funds transfer,

U.S. postal money order, certified check, bank cashier's check, or bank money

order.  If payment is to be made other than by electronic funds transfer, then the

payment shall be made payable to the Commodity Futures Trading Commission

and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> ATTN:  Accounts Receivables
> DOT/FAA/MMAC/AMZ-341
> CFTC/CPSC/SEC
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-7262 office
> (405) 954-1620 fax
> nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact Nikki

Gibson or her successor at the address above to receive payment instructions and

shall fully comply with those instructions.  Defendants shall accompany payment

of the CMP Obligation with a cover letter that identifies Defendant and the name

and docket number of this proceeding.  Defendant shall simultaneously transmit

copies of the cover letter and the form of payment to the Chief Financial Officer,

Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st

Street, NW, Washington, D.C. 20581.

12

**D.      Provisions Related to Monetary Sanctions**

29.      Partial Satisfaction:  Acceptance by the Commission/CFTC or the Monitor of any partial payment of Disgorgement Obligation, or CMP Obligation shall not be deemed a waiver of his obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

30.      Asset Freeze:  On August 27, 2014 the Court entered an asset freeze order prohibiting the transfer, removal, dissipation, and disposal of Defendant's assets ("Asset Freeze Order").  The Court hereby lifts the Asset Freeze Order.

## VI.      MISCELLANEOUS PROVISIONS

31.      Notice:  All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

> Regional Counsel, Division of Enforcement
> U.S. Commodity Futures Trading Commission
> 525 West Monroe Street, Suite 1100
> Chicago, Illinois 60661

Notice to Defendant:

> Malachai Levy (also known as Ralph Maurice Metters)
> c/o Federal Bureau of Prisons

All such notices to the Commission shall reference the name and docket number of this action.

32.     Change of Address/Phone:  Until such time as Defendant satisfies in full his Restitution Obligation, Disgorgement Obligation, and CMP Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten (10) calendar days of the change.

33.     Entire Agreement and Amendments:  This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless:  (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

34.     Invalidation:  If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

35.     Waiver:  The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order.  No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

36.     Continuing Jurisdiction of this Court:  This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

37.     Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Defendant, upon any person under his authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendant.

38.     Counterparts and Facsimile Execution:  This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart.  Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

39.     Contempt: Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings he may not challenge the validity of this Consent Order.

1      40.    Agreements and Undertakings: Defendant shall comply with all of

2  the undertakings and agreements set forth in this Consent Order.

3

4      There being no just reason for delay, the Clerk of the Court is hereby

5  ordered to enter this *Consent Order for Permanent Injunction, Civil Monetary*

6  *Penalty, and Other Equitable Relief* forthwith and without further notice.

7

8

9  **IT IS SO ORDERED** on this __8th__ day of _____August 2016_____.

10

11

12

13

                                      UNITED STATES DISTRICT JUDGE

14

15  CONSENTED TO AND APPROVED
BY:

16

17

18  Ralph Metters, individually        Jennifer E. Smiley

19                                Commodity Futures Trading

20  Date: __6/29/16__            Commission
                              525 W. Monroe, Suite 1100

21                                Chicago, IL  60661

22                                312-596-0530
                              312-596-0714 (facsimile)

23                                jsmiley@cftc.gov

24  Approved as to form:

25                                Date: __6/29/16__

26  Adam H. Braun
Braun & Braun LLP

27  10250 Constellation Blvd. Ste. 1020

28  Los Angeles, CA  90067